Morton, J.
This is an action of contract to recover upon three items under an account annexed, two of which were admittedly owed by the defendant, and have been paid, since the suit was entered. The answer was a general denial and a plea of payment, the plea being waived at the time of trial. , ;
The remaining item in the account annexed was the charge for labor. The evidence tended to show that the plaintiffs compose a partnership conducting q machine, shop; that the defendant is engaged in the trucking business, and for three years prior to June 1,1934 had employed one Fazel as an expert machinist and automobile repair man; that during this period of three years Fazel,.on occasions, found .it necessary to take work to the machine shop of the plaintiffs’ in order to use the machines, tools,- and equipment therein, and sometimes Fazel, and sometimes one or more of the plaintiffs were engaged in performing labor, on the work so taken to the plaintiffs’, shop; that, for the work so done, bills were sent to the .defendant and paid by him. It further appeared in evidence- that' oñ June 1; 1934 Fazel ceased working for the defendant. ;
- Fazel was an expert machinist and automobile repair man, and on June 21, 1934 he was asked by the defendant to repair a broken derrick. After examining the derrick Fazel reported that it could not be repaired. Thereupon the defendant asked Fazel to build a new derrick as soon as possible from plans which Fazel was to draw. It is not clearly set forth in the report whether Fazel did any of the work of building the derrick in the place of business of the defendant, but it does appear that most of the work was *424 done in the shop of the plaintiffs’ where adequate machinery and tools for the purpose were contained. It further appeared that, while the work was being done, the defendant called at the plaintiffs’ shop to look over the work, asked one of the plaintiffs what he thought of it, inquired of Fazel how he was getting along, and left after a short time. Two weeks later the defendant again came to the plaintiffs ’ shop and inquired of the plaintiffs when the work could be finished. After the work was finished the plaintiffs sent a bill including, among other things, the item in dispute, and no payment on account thereof has been made.
The defendant duly filed numerous requests for rulings, of which part of the eighth is as follows:
“8. On all the evidence and as a matter of law, the defendant is entitled to a finding in his favor upon Item 1 of the account annexed to the plaintiffs declaration . . . (d) because, on all the evidence and as a matter of law, the defendant is not liable for the labor of the plaintiffs in the construction of the derrick, . . .''
The Court found, among other facts, that the defendant employed Fazel to rebuild the derrick; that the work was done at the place of business of the plaintiffs ’, and then said “I find that the said Fazel had apparent or ostensible authority to have the work done by the plaintiffs and to use their machinery.” The Court found for the plaintiff.
If Fazel were an agent or employee of the defendant the trial court was warranted in finding he had apparent or ostensible authority to engage the plaintiffs to do such work and furnish such labor as they were shown to have done. We think, however, upon the facts set forth in the report that there was insufficient evidence to show that the defendant had any control over Fazel in his work of constructing a new derrick, and in consequence thereof that *425 Fazel must' be found to. be an independent contractor and not a servant or agent, as control is the principal factor in determining such an issue.
In McDermott’s Case, 283 Mass. 74 at page 76 the Court says:
“The exact point at issue is whether the claimant was a servant or employee, or an independent contractor.The essence of the distinction is the right of control. If the person doing the work is responsible only for the performance of what he agrees to do, in the way in which he agrees to do it, and is not subject to direction and control as to every detail of the work, he is an independent contractor. On the other hand, if at every moment, with respect to every detail, he is bound to obedience and subject to direction and control, as distinguished from a right of inspection and insistence that the contract be performed — or a right to designate the work to be done under the contract — , then he is a servant or employee.”
In Lappen v. Chaplik, 285 Mass. 65 the Court, upon the same issue, says at page 68:
“The evidence for the plaintiff disclosed that the firm of paper dealers who individually did the practical work of hanging the wallpaper in the plaintiff’s apartment, while employed by the defendant to do the work, did it in their own way without any direction by the defendant as to how it should be done. This fact makes it plain that the paperers, Raskind and Fishman, were not servants of the defendant, but were independent contractors.”
In Parker v. Taylor, 1936 A. S. 1509, upon the same issue the Court says at page 1511:
“A finding that he was such a servant or .employee was not warranted. The evidence tended to show that the plaintiff was an independent contractor for painting the defendant’s house two coats, using the plaintiff’s ‘painting gear’ and being assisted by a painter to be hired by the defendant. But the evidence did not *426 show, directly or by reasonable inference, the fact, essential to the existence of the relation of- master and servant, of retention by the defendant of the right to direct and control this plaintiff in all the details of the work to be performed.”
In the instant case Fazel was employed by the defendant to construct a derrick from plans to be drafted by Fazel. There is no evidence that in doing this work the defendant had any control over him, and there is no evidence to show that he was in any way bound to obedience to the defendant, or subject to his direction and control as to every detail of the work,'as distinguished from a right of inspection and insistence that the contract be performed. There is, in fact, evidence to the contrary in that the defendant, upon at least two occasions, called to see how the work was progressing, and instead of exercising any control thereover, or giving any directions to Fazel as to how the work should be done, simply asked him how he was getting along, asked the plaintiff what he thought of the work, and left on each occasion after a period of two or three minutes.
We think the -evidence, upon the authority of the eases cited, would not only warrant, but require, the finding that Fazel was an independent contractor and not an agent or employee of the defendant, and hence could not subject the defendant to liability for any matter in connection with the subject matter of the contract without the knowledge and consent of the defendant.
It was error prejudicial to the rights of the defendant, therefore, to deny the request for ruling above set forth, and an order will be entered vacating the finding for the plaintiff and directing that judgment be entered for the defendant.